**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR<br>ENVIRONMENTAL RESPONSIBILITY,<br>962 Wayne Ave, Suite 610<br>Silver Spring, MD 20910<br><br>     *Plaintiff*,<br><br>          v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR OFFICE OF THE<br>SECRETARY<br>1849 C Street, NW<br>Washington, D.C. 20240<br><br>     *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-1586<br><br><br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1.      Plaintiff Public Employees for Environmental Responsibility ("PEER" or

"Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

*et seq.*, as amended, to compel the Office of the Secretary of the Department of the Interior to

disclose records wrongfully withheld in failing to respond within the statutory deadline to

Plaintiff's FOIA request.

2.      Plaintiff is a non-profit organization dedicated to research and public education

concerning the activities and operations of federal, state, and local governments.

3.      On June 13, 2017, Plaintiff sent a FOIA request seeking records relating to the

relocation of staff from the South Interior Building ("SIB") to the Main Interior Building

("MIB"), particularly an analysis of the goals, costs, and benefits of the relocations; the plan to

manage the influx of NPS staff into the MIB; information on the amount of money Department

of Interior ("DOI") has spent for the renovation of the SIB; and any documents reflecting a

decision by the Secretary of the Interior (or other responsible official) to cease DOI activities in

the SIB later this year.

4.      The FOIA requires federal agencies to respond to public requests for records,

including files maintained electronically to increase public understanding of the workings of

government and to provide access to government information.  FOIA reflects a "profound

national commitment to ensuring an open Government" and agencies must "adopt a presumption

in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5.      The FOIA requires agencies to determine within 20 working days after the receipt

of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).  Agencies

may extend this time period only in "unusual circumstances" and then only for a maximum of

ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

6.      To date, Defendant has failed to produce any records in response to Plaintiff's

June 13, 2017 FOIA request, No. OS-2017-00705, or to make a determination on that request.

7.      Defendant's conduct is arbitrary and capricious and amounts to a denial of

Plaintiff's FOIA request.  The Office of the Secretary of the DOI is frustrating Plaintiff's efforts

to educate the public about the potential waste of government resources involving a poorly

executed relocation plan from the SIB to the MIB.  The public has an interest in knowing that

resources are expended rationally.

8.      Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. §

552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately

produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief,

including attorneys' fees and costs.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10.      This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

11.      This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1) (where defendant is the government or a government agent, a civil action  may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12.      This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13.      Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14.      Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.  PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

15.     Defendant, Office of the Secretary of the DOI, is an agency as defined by 5 U.S.C. § 552(f)(1).

16.     Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.  Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

17.     The DOI has posted updates on its website on plans affecting the MIB and the SIB and the employees who work therein.  It added information there concerning a large personnel exodus from the SIB, as well as a renovation project for that building.

18.     In response to this news, PEER filed a FOIA request on June 13, 2017 requesting details on these activities from the Office of the Secretary of the DOI.  Specifically PEER requested:

1.  *A summary of the moves of  Headquarters or other Washington, DC-based staff for DOI agencies during calendar year 2017, per the reference to "25 scheduled moves scheduled during the next few months";*

2.  *Any analysis of the goals, costs and benefits of the welter of relocations mentioned above;*

3.  *A summary of the plan for relocating approximately 550 National Park Service staff into MIB and a record reflecting the breakdown for the total cost of that relocation;*

4.  *A record reflecting the total amount that DOI has expended "for the comprehensive SIB renovation project" referenced above;*

5.  *Any documents reflecting a decision by the Secretary of Interior (or other responsible official) to cease DOI operations in the SIB later this year; and*

6.  *A copy of the latest relocation plan for staff to be displaced from SIB and any analyses of the goals, costs and benefits of said relocation.*

19.     In a letter to Plaintiff dated June 13, 2017, Defendant assigned the request the number OS-2017-00705.  In the letter, the Defendant declined Plaintiff's request for expedited processing, and stated that it was still considering Plaintiff's fee waiver request.  Defendant invoked the 10-day workday extension permissible under 43 C.F.R. § 2.19, and placed Plaintiff PEER's request under a "Complex" processing track.  According to DOI's regulation, the "Complex" processing track takes between 21 and 60 days to process. 43 C.F.R. § 2.15(c)(3). However, the categorization of a request as complex does not vitiate the statutory deadline for the Defendant to determine whether or not to comply with a FOIA request. 43 C.F.R. § 2.15(f).

20.     Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had 20 working days from the date of receipt to respond, 43 C.F.R. § 2.16, plus the 10 working days it claimed under 43 C.F.R. § 2.19.

21.     Thirty working days from June 13, 2017 (the date of Plaintiff's request and Defendant's acknowledgement of receipt) was July 25, 2017. As of this August 7, 2017 filing, Plaintiff has not received any records responsive to its June 13, 2017 FOIA request, nor a determination on its FOIA request, nor any word from Defendant.

22.     Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its June 13, 2017 FOIA request, PEER now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

23.     Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs.

24.     Defendant's failure to disclose the records requested under Request No. OS-2017-00705 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of the FOIA, 5 U.S.C. § 552, and the DOI's regulations promulgated thereunder, 43 C.F.R. § 2.1 *et seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.     Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii.    Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii.   Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv.    Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.     Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on Augusts 7, 2017,

___/s/_____

Paula Dinerstein
DC Bar No. 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Counsel for Plaintiff*